IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| MICHAEL BARFIELD, ) | |
| ) | Civil Action No. 3:04-23134-CMC-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOHN J. LAMANNA, WARDEN OF ) | |
| FCI EDGEFIELD, AND UNITED ) | **REPORT AND RECOMMENDATION** |
| STATES OF AMERICA, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner, Michael Barfield ("Barfield), was a prisoner at FCI-Edgefield.[1] He filed this action on December 12, 2004 pursuant to 28 U.S.C. § 2241.[2] He alleges that the Bureau of Prisons ("BOP") has misinterpreted 18 U.S.C. § 3524(b) and, therefore, miscalculated the good conduct time ("GCT") to which he is statutorily entitled. Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on January 14, 2005. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on January 20, 2005. Barfield filed his response on February 28, 2005.

Title 18 U.S.C. § 3624(b)(1) states:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year

---

[1]It appears Barfield was released prior to June 15, 2005.

[2]This case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c).

>of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

The BOP has promulgated interpretive guidelines for this statute set forth in 28 C.F.R. § 523.20(a)(1) & (2) and in its Program Statement 5880.28, Sentence Computation Manual - CCCA. (Res. Mem., Ex. 1). Under these guidelines, an inmate is not entitled to GCT for the first year he serves of his sentence, he may earn 54 days of GCT for each full year served on his sentence in excess of one year, and GCT may be earned on a prorated basis for the final (partial) year of his sentence. Barfield asserts that BOP's interpretation is contrary to the statute, and BOP should be required to multiply his entire sentence of 7 years and 2 months and automatically give him 338 days of GCT. His argument is based primarily on the holding of <u>White v. Scibana</u>, 321 F.Supp.2d 1037 (W.D.Wis. 2004). However, the Seventh Circuit rejected the reasoning of the District Court which Barfield now espouses. See <u>White v. Scibana</u>, 390 F.3d 997 (7th Cir. 2005), <u>cert. denied</u>, 125 S.Ct. 2921 (2005). Further, the Fourth Circuit has recently thoroughly discussed the issue and adopted the Seventh Circuit's rationale specifically rejecting Barfield's arguments. <u>Yi v. Federal Bureau of Prisons</u>, 412 F.3d 526 (4th Cir. 2005).

Based on the holding of Yi, the undersigned recommends that respondents' motion to dismiss be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

August 19, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

# Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201