IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Michael Barfield, #15549-075, | ) | C.A. No. 3:04-23134-CMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| John J. Lamanna, Warden, FCI Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| ___________________________________ | ) | |

Petitioner is a *pro se* federal inmate seeking review pursuant to 28 U.S.C. § 2241 of the method used by the Bureau of Prisons (BOP) to calculate good time credit. Respondent filed a motion to dismiss, or in the alternative for summary judgment, on January 14, 2005, to which Petitioner responded on February 28, 2005.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation. On August 19, 2005, the Magistrate Judge issued a Report recommending Respondent be granted summary judgment. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner has not yet filed objections to the Report and Recommendation; rather, he has moved for an extension of time to respond to the Report and Recommendation, citing a change in place of confinement and an absence of access to a law library.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. An extension of time, and any objections to the Report which Petitioner might thereafter file, would be unavailing.[1] This court agrees that the holding in the case at bar is controlled by the Fourth Circuit's recent case of *Yi v. Federal Bureau of Prisons*, 412 F.3d 526 (4th Cir. 2005).

IT IS THEREFORE ORDERED that Respondent's motion for summary judgment is **granted**, Petitioner's motion for extension of time is **denied**, and this matter is **dismissed with**

---

[1]Petitioner argues in his Memorandum in Opposition to Respondent's Motion for Summary Judgment that his equal protection claim was not addressed by Respondent in its motion for summary judgment, and is, therefore, still viable. While the court agrees that Respondent did not address this claim, the court finds that the claim fails. When "the inequality arises from a classification that is not based on a fundamental right or impermissible characteristic such as race, religion, or national origin, [ ] review of the statutory provision under the Equal Protection Clause is narrow: The question is simply whether the legislative classification is rationally related to a legitimate governmental interest. Under this standard, the [statute or regulation] is entitled to a strong presumption of validity, and must be sustained if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'n, Inc.*, 106 F.3d 1106, 1156-57 (4th Cir. 1997) (citing *Thomasson v. Perry*, 80 F.3d 915, 928 (4th Cir.1996) (citations, internal quotes, and emphasis omitted)).

Petitioner has made no showing that the calculation of his good-time credits was due to purposeful discrimination or other impermissible motive. While Petitioner claims he has been treated differently than those similarly situated (namely, certain inmates in Wisconsin), Petitioner's claim in this respect was made prior to the Seventh Circuit's overruling of *White v. Scibana*. *See White v. Scibana*, 390 F.3d 997 (7th Cir. 2005). Consequently, Petitioner has stated no viable claim for an equal protection violation and the court finds Petitioner is not entitled to habeas relief on this claim.

**prejudice**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 13, 2005

C:\temp\notesFFF692\04-23134 Barfield v. Lamanna e adopt rr gr sumjgm.wpd